# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| STEPHEN J. FRAZIER,<br><br>        Plaintiff ,<br><br>        v.<br><br>ASC UTAH, INC., a Utah Corporation, d/b/a THE CANYONS,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL DEPOSITION TESTIMONY OF COLLIN CHRISTENSEN [65] and ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD A CLAIM FOR PUNITIVE DAMAGES [66]**<br><br>Case No. 2:07-cv-00258-DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

This case arises out of an accident allegedly suffered by Plaintiff February 27, 2007, at The Canyons ski resort operated by Defendant.[1]

## Motion to Compel

Plaintiff has moved to compel deposition testimony of an eyewitness to the accident.[2] The witness has already been deposed generally, but Defendant's counsel halted examination as to discussions between the witness and Defendant's counsel about the witness's execution of a declaration. Plaintiff alleges the declaration is contradictory to a handwritten statement made contemporaneously with the incident,[3] and that since the witness is no longer an employee of defendant, it is not possible for an attorney-client privilege to apply. Further, Plaintiff alleges

---

[1] Plaintiff's Motion to Compel Deposition Testimony of Collin Christensen (Motion to Compel) at 3, docket no. 65, filed October 8, 2008.

[2] Motion to Compel.

[3] Motion to Compel at 5.

1

that the communications between the witness and defendant's counsel cannot qualify as privileged.

The alleged contradictions are (a) that the handwritten contemporaneous statement said the Plaintiff was the first person on the lift on the day of the accident, while the declaration says otherwise, and (2) that the witness testified at his deposition that he did not know, contrary to a statement in his declaration, that a certain piece of equipment was in position that day.[4]

Plaintiff asserts that "[t]hese contradictions clearly suggest that Christensen's declaration is the product more of the defense lawyer's imagination than the declarant's truthful testimony. Moreover, given the conflict between the handwritten contemporaneous statement by Mr. Christensen, and the Declaration, it is only fair for plaintiff to fully explore all the circumstances of the drafting and presentation of the declaration to Christensen."[5]

Plaintiff's attempt to examine these circumstances was limited at the deposition by Defendant's counsel.

> 1 MR. CHALAT: All right. So all of my
> 2 questions with regard to what have said to you by
> 3 Mr. Simon at the time that you signed this
> 4 statement our [sic] declaration Exhibit 4 in our
> 5 deposition, you will instruct him not to answer?
> 6 MR. SIMON: And--and prior to that time.
> 7 BY MR. CHALAT:
> 8 Q. And will you follow that instruction,
> 9 sir?
> 10 A. Yeah.
> 11 Q. You're going to suggest that Mr. Simon
> 12 is your lawyer and there's a privilege as to the
> 13 preparation of this document?
> 14 A. Yes.[6]

---

[4] Motion to Compel at 5-6.

[5] Motion to Compel at 6-7.

[6] Deposition of Collin Christensen at 77, attached as Exhibit B to Defendant's Memorandum in Opposition to Motion to Compel Deposition of Collin Christensen (Opposition to Motion to Compel), docket no. 76, filed October 23, 2008.

The principal argument between the parties is whether the witness, as Defendant's *former* employee, can have a protected discussion with Defendant's counsel.  Defendant has filed a detailed statement of the instructions given to the witness when he was employed by Defendant:

> 2.  During the 2006-2007 ski season, I was Vice President and Assistant General Counsel for defendant ASC Utah, Inc., which did and continues to do business under the name, The Canyons.  During this season, The Canyons employed over 1,000 employees.
> 3.  Near the end of the 2006-2007 ski season, upper-management at The Canyons specifically authorized and instructed several employees, one of which was a ticket scanning employee named Collin Christensen, to make themselves available to outside litigation counsel (Strachan Strachan & Simon) for purposes of investigating the alleged subject incident, evaluating the legal aspects of the alleged subject incident, and defending The Canyons.  Specifically, Tim Hagan, the Vice President of Mountain Operations, and/or I gave the above-referenced specific instruction and authorization.
> 4.  Mr. Christensen was a current Canyons employee at the time he received this authorization and instruction.
> 5.  Mr. Christensen expressed an understanding that he was being asked specifically to make himself available to The Canyons' outside litigation counsel so that The Canyons could obtain legal advice concerning the alleged subject incident.[7]

Under Utah Rule of Evidence 504(a)(4), which the parties agree controls, a party representative includes a person "specifically authorized [by the client] to communicate with the lawyer concerning a legal matter."  The fact that Mr. Christensen did not know *Mr. Simon* – a specific attorney – before the time Christensen's declaration was prepared[8] does not negate the fact that Mr. Christensen was instructed and authorized, while an employee, to make himself available to his employer's counsel.

Further, that Christensen was a former employee by the time the declaration was prepared is not material.  The policies that extend privilege protection to an employee also extend the protection to someone whose employment status changes but who had a need to communicate during employment for the benefit of legal services to the employer.  The absence of reference to

---

[7] Declaration of Christie Babalis at 2, attached as Exhibit A to Opposition to Motion to Compel.

[8] Plaintiff's Reply in Support of Motion to Compel Deposition of Collin Christensen (Reply on Motion to Compel) at 2-3, docket no. 82, filed October 31, 2008.

"former" employees in the Utah Advisory Committee Notes[9] is unremarkable.  The lack of discussion of "former" employees means this issue was not considered.  While Defendant cites substantial case law holding that former employees may fall within privilege provisions comparable to the Utah rule,[10] Plaintiff cites no case law holding that lawyer's discussions with employees lose protection if the employee changes jobs.

### Addition of Claim for Punitive Damages

Plaintiff seeks to amend the complaint (which was already amended in April 2008) to add a claim for punitive damages.  Plaintiff alleges that the factual basis for a claim of punitive damages was not known until the deposition of Jaki Nanasi on September 2, 2008, together with the deposition of Ben Smaha and Brian Heon.[11]  The deadline for filing motions to amend pleadings passed on April 15, 2008.[12]  Fact discovery closed October 3, 2008.[13]

"When a party seeks leave to amend after the deadline established in a pretrial scheduling order . . . that party must satisfy the standards set forth in Fed.R.Civ.P. 16(b), as well as Fed.R.Civ.P. 15(a)."[14]  Rule 16's "'good cause' standard primarily considers the diligence of the party seeking the amendment.  The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. . . . The lack of prejudice to the nonmovant does not show 'good cause.'"[15]

---

[9] Reply on Motion to Compel at 6-7.

[10] Opposition to Motion to Compel at 5-6.

[11] Plaintiff's Motion for Leave to Amend Complaint to Add a Claim for Punitive Damages (Motion to Amend) at 2, docket no. 66, filed October 8, 2008.

[12] Order Granting Stipulated Motion for Amendment of Scheduling Order, docket no. 21, filed March 20, 2008.

[13] Order Granting Stipulated Motion to Amend Scheduling Order, docket no. 49, filed August 11, 2008.

[14] *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins.*, No. 02-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003)

[15] *Id.*(citations omitted).

Plaintiff does recite a history of challenges in reaching the recently deposed former employee-witnesses.[16] However, "Plaintiff had Ms. Nanasi's entire personnel file, including her current contact information and phone number, as early as March 11, 2008 . . . ."[17] This is the employee on which Plaintiff most relies in supporting the new claim.

While stating that "the punitive damages claim is based upon existing discovery"[18] an essential element of a punitive damages claim would be evidence of defendant's resources. Presumably no discovery has been undertaken on that issue and discovery is long since closed.

The amendment is sought after fact and expert discovery are closed[19] and after the deadline for filing dispositive motions.[20] Plaintiff has failed to show good cause for relief from the scheduling order deadline.

## ORDER

IT IS HEREBY ORDERED that the motions[21] are DENIED.

Dated this 5th day of December, 2008.

BY THE COURT:

_David Nuffer_
David Nuffer
U.S. Magistrate Judge

---

[16] Plaintiff's Reply in Support of Motion for Leave to Amend . . . at 6, docket no. 79, filed October 31, 2008.

[17] Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to Amend (Opposition to Motion for Leave to Amend) at 6, docket no. 71, filed October 21, 2008, and excerpts from Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admission, attached as Exhibit D to Opposition to Motion for Leave to Amend.

[18] Motion to Amend at 2. "Plaintiff is not adding another claim which might require additional discovery to defend; the motion only asks that the Court allow the jury to consider whether or not the facts already in the record support the additional element of punitive damages." Reply on Amendment at 6.

[19] Order Granting Stipulated Motion to Amend Scheduling Order, docket no. 49, filed August 11, 2008.

[20] Scheduling Order and Order Vacating Hearing, docket no. 16, filed December 26, 2007.

[21] Motion to Compel Deposition Testimony of Collin Christensen, docket no. 65, filed October 8, 2008, and Motion for Leave to Amend Complaint to Add a Claim for Punitive Damages, docket no. 66, filed October 8, 2008.